L. Planas y Martí *v.* Marcus Bernheimer Milling and Mercantile Co.

Appeal in complaint from the District Court of San Juan.

No. 6.—Decided March 26, 1904.

Jurisdiction—Verbal Proceeding—Oral Trial.—Demands involving a sum exceeding four hundred dollars cannot be heard and determined in a verbal proceeding* but must be decided in an oral and public trial, for the cognizance of which the district courts alone are competent.

STATEMENT OF THE CASE.

On July 27 of last year, Attorney Wenceslao Bosch, on behalf of L. Planas y Martí, established in this city, brought an action in the municipal court of the Cathedral district of San Juan, against the Marcus Bernheimer Milling and Mercantile Company, of the city of St. Louis, Missouri, United States of America, for the recovery of the sum of four hundred dollars, amount of damages sustained by them through the nonfulfillment of a contract of sale of two hundred bags of flour, brand "Invariable," and two hundred bags, brand "Miramar," that they should have shipped to him in the previous month of May. A day was set for the hearing, with citation of the parties, for which purpose letters rogatory were ordered to be issued to the competent authority in the city of

---

* Under the Spanish practice a distinction was made between *juicio verbal* (verbal trial) and *juicio oral* (oral trial), municipal courts having jurisdiction in the former and district courts in the latter.

dispuso se librára el correspondiente exhorto á la autoridad competente, de la ciudad de St. Louis, compareció, en este estado, ante el Tribunal del Distrito de San Juan, el abogado Don José R. F. Savage, en representación de los demandados, con la solicitud de que se ordenara al Juez Municipal de Catedral se abstuviera de conocer en el asunto y remitiera las actuaciones, por estimar que era de la exclusiva competencia del referido Tribunal de Distrito. y que acordado de conformidad, por auto de cinco de Octubre del mismo año, con prevención al demandante de que acudiera ante el expresado Tribunal á ejercer su derecho, notificado aquél del referido provisto, acudió entonces en queja ante este Tribunal Supremo, en solicitud de que se revocara dicho auto, y se devolvieran las actuaciones al Juzgado Municipal de Catedral para su tramitación y resolución, por estimar que era el único competente para conocer de la demanda, por no exceder del máximum de que pueden conocer en asuntos civiles los Juzgados Municipales.

*Resultando*: que conferida vista de la anterior solicitud al Fiscal de este Tribunal Supremo, la evacuó, oponiéndose, y sosteniendo la competencia del Tribunal de Distrito de San Juan; y que señalado día para la vista, se verificó ésta con asistencia del abogado defensor del recurrente y del Fiscal de este Tribunal, que ratificó verbalmente la opinión que había emitido por escrito.

Abogado del recurrente: *Sr. Bosch.*

Abogado del Pueblo: *Sr. del Toro (Fiscal).*

### OPINIÓN DEL TRIBUNAL.

*Considerando*: que si bien en la demanda establecida por L. Planas y Martí se reclaman sólo cuatrocientos dollars, por los conceptos que en la misma se expresan, es lo cierto que basada esa reclamación en la falta de cumplimiento de un contrato de venta de cuatrocientos sacos de harina, cuya cuantía excede visiblemente de los cuatrocientos dollars, que

St. Louis. At this stage of the proceedings, José R. F. Savage, Esq., representing the defendants, appeared before the District Court of San Juan and prayed that the municipal judge of the Cathedral court be ordered to desist from taking cognizance of the matter and forward the record to the aforesaid district court, to whose jurisdiction it exclusively belonged. In conformity with said request an order was made under date of October 5 of the same year, and the plaintiff was notified to appear before said court to maintain his rights. The plaintiff thereupon sought the remedy of complaint before this Supreme Court, praying that the above-mentioned order be vacated and the record returned to the municipal court of the Cathedral district, there to be heard and disposed of, the latter being deemed the only court competent to take cognizance of the complaint, inasmuch as the sum involved did not exceed the maximum amount coming under the jurisdiction of municipal courts in civil matters.

The foregoing request having been referred to the *Fiscal* of this Supreme Court, he reported the same adversely, sustaining the jurisdiction of the District Court of San Juan. A day was set for the hearing, at which counsel for the appellant was present, as also the *Fiscal* of this court, who verbally ratified his written opinion.

*Mr. Bosch,* for appellant.
*Mr. del Toro, Fiscal,* for the People.

### OPINION OF THE COURT.

Although in the action instituted by L. Planas y Martí the demand is only for four hundred dollars, as specified therein, however, said demand being based on the nonfulfillment of a contract of sale of four hundred bags of flour, the value whereof evidently exceeds the sum of four hundred dollars, which is the maximum amount coming under the jurisdiction

es el máximum de que pueden conocer en lo civil los Jueces Municipales, esa reclamación no puede ventilarse en un juicio verbal, sino que debe ser resuelta en un juicio oral y público, para cuyo conocimiento sólo son competentes los Tribunales de Distrito.

*Vistos* los Artícuos 26 y 47 de la Orden General, No. 118, de 15 de Agosto de 1899; 82 y 83 y la regla 3ª. del 488 de la Ley de Enjuiciamiento Civil, que por analogía es aplicable al caso.

*Se declara* no haber lugar á la queja establecida por la representación de L. Planas y Martí, contra el Tribunal de Distrito de San Juan, con las costas al promovente; y devuelvánse al referido Tribunal de Distrito las actuaciones que elevara á este Tribunal Supremo, para que las sustancie y determine, con arreglo á derecho.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández, Figueras, Sulzbacher y MacLeary.

---

PALMER ET AL. *v*. EL PUEBLO DE PUERTO RICO.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 40.—Resuelto en Marzo 30, 1904.

COMPETENCIA EN ASUNTOS CIVILES.—INCOMPETENCIA POR RAZON DE LA MATERIA. —Aunque las cuestiones de competencia no pueden promoverse de oficio en los asuntos civiles, si el Juez se considerare incompetente por razón de la materia, podrá abstenerse de conocer, previa audiencia del Fiscal y previniendo á las partes que usen de su derecho ante quién corresponda. .

ID.—DISPOSICIONES DE CARACTER LEGISLATIVO.—Los daños y perjuicios que se supongan irrogados por disposiciones de carácter legislativo, no pueden ser materia de reclamación ante los Tribunales de Justicia.

LEYES DE LA LEGISLATURA INSULAR.—NULIDAD DE LAS MISMAS.—Al poder Legislativo, y no al judicial, corresponde reparar los perjuicios que sus disposiciones puedan ocasionar, y en todo caso, del Congreso de los Estados Unidos puede solicitarse la declaración de nulidad de cualquier ley de la Legislatura Insular, que se estime lesiva de derechos privados.

of municipal courts in civil matters, the case cannot be adjudicated in a verbal proceeding, but must be decided in an oral and public trial, for the cognizance of which only the district courts are competent.

In view of sections 26 and 47 of General Order No. 118, of August 15, 1899, articles 82 and 83 and rule 3 of article 488 of the Law of Civil Procedure, applicable by analogy to the case, we declare that the remedy of complaint availed of by L. Planas y Martí against the District Court of San Juan does not lie, with costs against petitioner. The record forwarded by aforesaid district court to this Supreme Court is ordered to be returned to the former, that it may hear and determine the case according to law.

Chief Justice Quiñones and Justices Hernández, Figueras, Sulzbacher and MacLeary concurred.